## THE MATTIE MAY.[1]

### GILIS *v.* THE MATTIE MAY.

#### (*District Court, E. D. New York.* July 10, 1891.)

MARITIME LIEN—DISCHARGING VESSEL—CONTRACT WITH MASTER.

When libelant, a longshoreman, began discharging a vessel he was in the employ of a stevedore, but, the stevedore having left, libelant continued the work with the crew of the vessel, and on a verbal contract with the master. *Held*, that the service was maritime, and rendered on the credit of the vessel, and that libelant had acquired a lien on the vessel for the amount of the compensation.

In Admiralty. Suit to enforce a lien for services.
*Goodrich, Deady & Goodrich,* for libelant.
*A. B. Stewart,* for claimant.

BENEDICT, J. This is an action to recover of the schooner Mattie May compensation for services rendered in assisting the crew of the schooner in discharging a cargo of lumber. The evidence shows that the master of the schooner employed a stevedore to take the lumber as it was passed over the side of the vessel by his crew, and pile it on the pier. The stevedore employed the libelant to work for him in performing this contract, and he worked one day for the stevedore. The next morning no stevedore appeared, and the master of the vessel was informed that the stevedore had gone off on a drunk, and would not come back. Whereupon, according to the testimony of the libelant, confirmed by another witness who heard the transaction, the master employed the libelant to take the lumber from the hands of the crew, and pile it on the pier, and promised to pay him for such labor at the rate of 40 cents an hour. Under this contract with the master, which the master is not called to deny, the libelant worked after the first day, taking the lumber as it was passed to him by the crew of the schooner, and piling it upon the pier. It was part of the duty of the schooner in discharging her obligation as carrier of the lumber to pile the lumber on the pier. Passing it over the side of the vessel, and piling it on the pier, was one transaction, so far as the schooner was concerned, in which the libelant worked with the crew of the vessel, and as one of the crew. The service so rendered in discharging the cargo was maritime, and by the maritime law the libelant acquired a lien upon the vessel for the amount of his compensation. The answer sets up that the service was performed under a contract with

---

[1] Reported by E. G. Benedict, Esq., of the New York bar.

the stevedore. But the service rendered after the stevedore left was under a contract with the master, and was performed on the credit of the schooner. The libelant is entitled to a decree for the amount of his wages, 41 hours, at 40 cents an hour, $16.40, with costs.